IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR-00-170-N |
| | ) | (WO) |
| BRADLEY JOSEPH STEIGER | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a "Motion for Reconsideration of 'Motion For New Trial Based On Newly Discovered Evidence' (Dated 27 Nov., 2002); Based on 'New' Newly Discovered Evidence" (Doc. #282) filed by the Defendant, Bradley Joseph Steiger, on July 5, 2006.

A brief summary of the procedural posture of this case is as follows: November 9, 2000, the Grand Jury returned a six-count indictment against the Defendant charging him with violations of 18 U.S.C. §§ 2423, 2251, and 2252, which proscribe certain acts of sexual misconduct, exploitation of children, and child pornography (Doc. #1). On December 12, 2000, the Defendant filed a Motion to Suppress evidence obtained from an anonymous source, who came to be referred to as Unknown User 1069, as well as evidence obtained from a search of his home. After holding hearings on January 5, 2001, and on March 15, 2001, the Magistrate Judge recommended that the Defendant's Motion be denied. On June 7, 2001, the court adopted the recommendation of the Magistrate Judge and denied the Defendant's motion to suppress (Doc. #110). Following this decision, the Defendant filed several motions for reconsideration, which the court denied as untimely and on the merits.

On July 19, 2001, a jury found the Defendant guilty as charged in counts one through four and count six of the indictment. The court subsequently dismissed count five and entered a judgment of acquittal as to counts two and six of the indictment. (Doc. # 192, 220). The court entered a judgment and conviction on counts one, three, and four, and sentenced the Defendant on October 26, 2001, to 210 months in prison and three years of supervised release.

The Defendant appealed his conviction to the Eleventh Circuit, arguing that this court erred when it concluded that neither the Fourth Amendment nor Title III Omnibus Crime Control and Safe Streets Act of 1968, as amended by the Electronic Communications Privacy Act of 1986, Pub. L. No. 99-508, 100 Stat. 1848 (1986), codified at 18 U.S.C. §§ 2510-2522 ("Wiretap Act"), warranted suppression of the evidence used to convict him. On January 14, 2003, the Eleventh Circuit affirmed the Defendant's conviction and this court's decision to deny the Defendant's motion to suppress. See United States v. Steiger, 318 F.3d 1039 (11th Cir. 2003).

On August 25, 2003, the court conducted an evidentiary hearing on the Defendant's Motion for New Trial Based on Newly Discovered Evidence. After considering the evidence and the Defendant's arguments, the court denied the Defendant's motion by Memorandum Opinion and Order dated September 16, 2003. (Doc.# 279).

## II. MOTION FOR NEW TRIAL STANDARD

To succeed on a motion for new trial based on newly discovered evidence, the movant must establish the following five elements: "(1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result." United States v. Schlei, 122 F.3d 944, 991 (11th Cir. 1997). "The failure to satisfy any

one of these elements is fatal to a motion for a new trial." United States v. Lee, 68 F.3d 1267, 1274 (11th Cir. 1995).  The Eleventh Circuit has held that "motions for a new trial are highly disfavored, and that district courts should use great caution in granting a new trial motion based on newly discovered evidence." U.S. v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003) (internal quotations omitted).

### III.  DISCUSSION

The Defendant urges this court to reconsider its September 16, 2003 denial of his motion for a new trial, based on new evidence that Unknown User 1069 may have been a government agent, and that F.B.I. Agents Faulkner and Duffy concealed this identity pursuant to F.B.I. policy.

The Defendant attaches to his motion footnotes which reference a district court decision from the federal district court for the Western District of Texas, and a newspaper article about a lawsuit filed against AT&T for allowing the National Security Agency to install equipment capable of examining messages on the Internet.

With regard to the newspaper article, the Defendant states that according to the article, AT&T allowed the NSA to collect phone records in the San Francisco office.  He further claims that e-mails in his case originated in the Pacific time zone.  Initial access to the Defendant's computer in this case, however, was gained by use of a "Trojan horse" hacking device.  The article makes reference to "phone records," not to any type of computer hacking techniques, and therefore does not bear on the inquiry in this case.  To the extent that the Defendant is arguing that the fact that the NSA has a presence in California bears on the question of the origin of the e-mails in his case, the court finds that connection to be too attenuated and unsubstantiated to warrant discovery in this case.

The decision cited to by the Defendant, U.S. v. Barth, 26 F. Supp.2d 929, 942-43 (W.D. Tex. 1998), makes reference to a policy of the F.B.I. which prohibits any disclosure of a confidential informant to anyone outside of the F.B.I., including the United States Attorney's office.  In Barth, a person who was asked by the defendant to work on the defendant's computer was coincidentally an F.B.I. confidential informant.  When the F.B.I. informant discovered child pornography on the computer, he attempted to contact the F.B.I. case agent who was his supervising agent, he also made contact with a local police officer to whom he had provided information in the past, and eventually the local authorities made copies of files on the defendant's hard drive at the direction of the F.B.I. case agent.  During the course of the case, the F.B.I. agent eventually revealed that the initial search was conducted by an F.B.I. informant, even though it was in violation of F.B.I. policy to reveal confidential informants.  The district court suppressed the evidence.  Id. at 942.

In the instant case, the Defendant asks the court to allow discovery and an evidentiary hearing on the issue of whether the identity of Unknown User 1069 was concealed pursuant to the F.B.I. policy referenced in Barth.  Even assuming that the reference to an F.B.I. policy in an unrelated case meets the standard of "newly discovered evidence," there is no factual basis for an inference that such policy could have been at work in this case which would be sufficient for this court to grant the Defendant discovery on this matter.  In other words, the "new" evidence is not evidence that an F.B.I. policy regarding confidential informants was being followed in this case, but that such a policy was applied in an unrelated case.  The investigation in this case began when Unknown User 1069 sent an e-mail to the Montgomery Police Department (M.P.D.) alerting them to his discovery on the Defendant's computer.  There is no evidence that Unknown

User 1069 attempted to initiate contact with the F.B.I. "Captain Murphy (of the M.P.D.) collected the information the source provided and referred it to Special Agent Margaret Faulkner of the FBI, who viewed the images and verified the details the anonymous source provided in his first two e-mails." U.S. v. Steiger, 318 F.3d 1039, 1042 (11th Cir. 2003). There is simply no basis from which to conclude that Unknown User 1069 was acting as an informant of the F.B.I. so as to allow for discovery as to whether the F.B.I. concealed information.

## IV.  CONCLUSION

For the reasons discussed, the Defendant's motion is due to be and is hereby ORDERED DENIED.

Done this 2nd day of August, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE